## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

WRI VENDING, INC.,

               Petitioner,

vs.

ORIENTAL FINANCIAL SERVICES CORP.,

               Respondent.

CIVIL NO. _____

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, WRI Vending, Inc., respectfully applies under the Federal Arbitration Act, 9 U.S.C. § 9, to confirm a Financial Industry Regulatory Authority (ðFINRAö) arbitration award entered against Oriental Financial Services Corp. by a FINRA arbitration panel, a copy of which is attached hereto as **Exhibit A**.

## INTRODUCTION

1.      This is an action under the Federal Arbitration Act, 9 U.S.C. § 9, to confirm a FINRA arbitration award entered against Oriental Financial Services Corp. (ðOFSö), by a FINRA arbitration panel.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331. See UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, and UBS Trust Company of Puerto Rico v. Asociación de Empleados del Estado Libre Asociado de Puerto Rico, Civil No. 16ó2017 (GAG), 2016 WL 7408828 (D. P.R. Dec. 22, 2016) (holding federal district court had subject matter jurisdiction to confirm FINRA Arbitration award for which the underlying

statement of claim asserted violations of Section 10(b) of the Securities Exchange Act, Rule 10b-5 promulgated thereunder, and the Investment Advisers Act of 1940); and Doscher v. Sea Port Group Securities, LLC, 832 F.3d 372 (2nd Cir. 2016) (holding district court may look through the petition to the underlying dispute, applying to it the ordinary rules of federal-question jurisdiction, and finding federal question jurisdiction over post-arbitration proceedings where claimant alleged, inter alia, allegations of securities fraud under the Securities Exchange Act).

3.      A confirmation proceeding under 9 U.S.C. § 9 is intended to be a summary proceeding: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. See Popular Securities v. Colon, 59 F. Supp.3d 316 (D. P.R. 2014).

4.      WRI Vending, Inc. (õWRIö) maintained brokerage accounts with OFS Securities Inc., which subsequently merged with OFS. OFS and its former registered representative, Enrique Pascual Jr. (õPascualö), caused significant investment-related losses by recommending a reckless and grossly unsuitable investment strategy of using an excessive amount of leverage and dangerously over-concentrating WRIøS portfolio in risky Puerto Rico bonds and long-dated agency bonds and failing to adequately disclose the extraordinary risks associated with the dangerously concentrated and leveraged strategy, amongst other things.

5.      WRI filed a FINRA Arbitration claim on May 8, 2014 against OFS Securities, Inc., and Santander Securities, LLC (õSantander Securitiesö) for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract, breach of contract-third party beneficiary, violation of the Puerto Rico Uniform Securities Act and violation of Sections 10(b) of the Securities Exchange Act, and Rule 10b-5 of the Securities and Exchange Commission.

6.      WRI then filed an Amended Statement of Claim on or about July 8, 2014, for the purpose of substituting OFS for OFS Securities, Inc., because Oriental Financial Services Corp. is the surviving entity following a merger between the two.  The Amended Statement of Claim is the operative claim in the underlying arbitration, and asserts claims against OFS and Santander Securities for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract, breach of contract-third party beneficiary, violation of the Puerto Rico Uniform Securities Act and violation of Sections 10(b) of the Securities Exchange Act, and Rule 10b-5 of the Securities and Exchange Commission.

7.      On or about December 1, 2016, WRI settled its claims against Santander Securities.  Accordingly, WRI's claims against Santander Securities were not part of the underlying FINRA Arbitration award, and are not part of this Petition to Confirm.

8.      In San Juan, Puerto Rico, on December 12-16 and 19-21, 2016, a three-member FINRA Arbitration panel heard evidence and argument presented by WRI and OFS with respect to WRI's claim against OFS and OFS' defenses thereto.

9.      Thereafter, on December 31, 2016, the FINRA panel delivered its award in favor of WRI and against OFS as follows:

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent Oriental Financial is liable for and shall pay to Claimant the sum of $808,000.00 in compensatory damages.

2. Respondent Oriental Financial is liable for and shall pay to Claimant interest on the above-stated sum at the rate of 3%

per annum accruing from May 8, 2014, through and including the date the Award is paid in full.

3. Respondent Oriental Financial is liable for and shall pay to Claimant the sum of $41,736.00 in costs.

4. Respondent Oriental Financial is liable for and shall pay to Claimant the sum of $133,000.00 in attorneys' fees pursuant to the Puerto Rico Uniform Securities Act and *First Interregional Equity Corp. v. Haughton*, 842 F. Supp. 105, 112-13 (S.D.N.Y. 1994).

5. Respondent Oriental Financial is liable for and shall pay to Claimant the sum of $600.00, representing the non-refundable portion of the claim filing fee previously paid to FINRA Office of Dispute Resolution by Claimant.

6. Any and all relief not specifically addressed herein, including Claimant's request for punitive damages, is denied.

See **Exhibit A**.

## PARTIES

10.     Petitioner, WRI, is a corporation organized and existing under the laws of Puerto Rico with its principal places of business in San Juan, Puerto Rico.

11.     Respondent, OFS, is a corporation organized and existing under the laws of Puerto Rico with its principal places of business in San Juan, Puerto Rico.

## SUBJECT-MATTER JURISDICTION

12.     Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has jurisdiction over this matter because WRI asserted arbitral claims arising under the laws of the United States. Specifically, WRI's Amended Statement of Claim, filed with FINRA Dispute Resolution, alleged violations of Section 10(b) of the Securities Exchange Act, Rule 10b-5

4

promulgated thereunder. See **Exhibit B** (Amended Statement of Claim filed in underlying FINRA arbitration proceedings) See also, UBS Financial Services Inc., UBS Financial Services Incorporated of Puerto Rico, and UBS Trust Company of Puerto Rico v. Asociación de Empleados del Estado Libre Asociado de Puerto Rico, Civil No. 16ó2017 (GAG), 2016 WL 7408828 (D. P.R. Dec. 22, 2016) (holding federal district court had subject matter jurisdiction to confirm FINRA Arbitration award for which the underlying statement of claim asserted violations of Section 10(b) of the Securities Exchange Act, Rule 10b-5 promulgated thereunder, and the Investment Advisers Act of 1940); and Doscher v. Sea Port Group Securities, LLC, 832 F.3d 372 (2nd Cir. 2016) (holding district court may look through the petition to the underlying dispute, applying to it the ordinary rules of federal-question jurisdiction, and finding federal question jurisdiction over post-arbitration proceedings where claimant alleged, inter alia, allegations of securities fraud under the Securities Exchange Act).

13.     The Court may also exercise supplemental jurisdiction over any claims brought under state law that stem from a common set of operative facts. See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Jesus-Santos v. Morgan Stanley Dean Witter, Inc., No. Civ. 05-1346, 2006 WL 752997, at *2 (D.P.R. March 22, 2006).

## **VENUE**

14.     Venue is proper in this District under 9 U.S.C. § 9 because the FINRA award was rendered in this District; alternatively, venue is proper in this district per 28 USC §1391 in that a substantial part of the events giving rise to the claim occurred in this District. In this case, the WRI and OFS are residents of Puerto Rico, and the factual events described in the Amended Statement of Claim filed in the FINRA arbitration, appended hereto as **Exhibit B**, occurred in the District of Puerto Rico.

## FACTS

15.    WRI was mandated by contract to arbitrate any dispute with OFS under the investment account agreement with OFS.

16.    On July 8, 2014, WRI filed its Amended Statement of Claim against Santander Securities and OFS for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract, breach of contract-third party beneficiary, violation of the Puerto Rico Uniform Securities Act and violation of Sections 10(b) of the Securities Exchange Act, and Rule 10b-5 of the Securities and Exchange Commission for causing WRI tremendous investment-related losses. See **Exhibits A** and **B**.

17.    WRI settled its claims with Santander.  In December 2016 in San Juan, Puerto Rico, the FINRA Arbitration Panel heard WRI's claims against OFS, and an award was rendered in WRI's favor against OFS.  See **Exhibit A**.

18.    The award included compensatory damages, interest, costs, and attorney fees. See **Exhibit A**.

19.    Section 9 of the Federal Arbitration Act provides that a party may, within one (1) year after an arbitration award is made, apply to the court for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected, as prescribed in section 10 and 11 of this title.  9 U.S.C. § 9 (2008).  There are no grounds to vacate, modify, or correct the award.

20.    The Award is binding on the parties. See Exhibit A at 1-2 (stating that WRI and OFS signed FINRA Submission Agreements); and FINRA Rule 12904(b) ("Unless the applicable law directs otherwise, all awards rendered under the [FINRA Arbitration] Code are final and are not subject to review or appeal.").

21.     WRI is entitled to confirmation of the Award and entry of final judgment in conformity with the Award and pursuant to 9 U.S.C. § 9, which provides that a "court must grant such an order unless the award is vacated, modified, or corrected." The statute is unambiguous. As the Supreme Court has explained, "[t]here is nothing malleable about ‗must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the ‗prescribed' exceptions applies." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008). No such exception is applicable here.

22.     WRI is entitled to a summary proceeding to confirm the award.  See Legion Insurance Co. v. Insurance General Agency, Inc., 822 F.2d 541, 543 (5th Cir. 1987) ("Arbitration proceedings are summary in nature to effectuate the national policy of favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues."' (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 22 (1983)). Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) ("[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."); Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.1960) ("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated.").

23.     In this action, WRI seeks confirmation of the award in a Final Judgment to be rendered by this Court, under the Federal Arbitration Act.

24.     WRI requests the following relief in a Final Judgment:

a.      A judgment for compensatory damages in the amount of $808,000.00 plus interest at the rate of 3% per annum accruing from May 8, 2014, through and including the date the Award is paid in full;

b.    The sum of $41,736.00 representing costs incurred by Petitioner in connection with the arbitration proceeding;

c.    The sum of $600.00, representing the non-refundable portion of the claim filing fee previously paid to FINRA Office of Dispute Resolution by Claimant;

d.    Attorneys' fees in the amount of $133,000.00 pursuant to the Puerto Rico Uniform Securities Act and <u>First Interregional Equity Corp. v. Haughton</u>, 842 F. Supp. 105, 112-13 (S.D.N.Y. 1994);

e.    Attorneys' fees incurred in confirming this award pursuant to the Puerto Rico Uniform Securities Act. <u>See, e.g.</u>, <u>Moeller v. Cassedy</u>, 364 F. Supp. 1340 (N.D. Fla. 2005) (fees incurred to confirm the arbitration award are properly awarded under the Florida Securities Act, which grants fees to the prevailing party.)

f.    Prejudgment and post judgment interest as allowed by Puerto Rico law; and

g.    All such other and further relief as determined to be just as awarded by this Court.

WHEREFORE, Petitioner, WRI Vending, Inc., respectfully applies to the Court for a Final Judgment confirming the FINRA arbitration award in its totality as requested in this action and as provided by the arbitration award, plus interest until all sums are paid, attorneys' fees, costs, and for such other or further relief the Court deems proper.

**I HEREBY CERTIFY** that on this date, Plaintiffs have electronically filed the instant document with the Clerk's Office of this Court, by means of the **CM/ECF** System.

Respectfully submitted,

ALDARONDO & LÓPEZ-BRAS
ALB Plaza, Suite 400
16 Las Cumbres Ave. (Road 199)
Guaynabo, P.R. 00969
Tel 787-474-5447
Fax 787-474-5451
Email alb@alblegal.net

*S/ Eliezer Aldarondo-López*
ELIEZER ALDARONDO-LÓPEZ
USDC-PR Bar No. 225906

January 12, 2017.

9