# EXHIBIT G

| | |
|---|---|
| **WRI VENDING MACHINES, INC.** | **FINRA NO. 14-01450** |
| **Claimant,** | |
| **vs.** | |
| **SANTANDER SECURITIES, LLC AND ORIENTAL FINANCIAL SERVICES CORP.** | |
| **Respondents** | |

## ANSWER TO AMENDED STATEMENT OF CLAIM

**TO THE FINANCIAL INDUSTRY REGULATORY AUTHORITY:**

Respondent, **ORIENTAL FINANCIAL SERVICES, CORP.** (hereinafter referred to as "**OFS**"), submits the following Answer and Defenses in response to the Statement of Claim ("Claim") filed by Claimant. Respondent specifically and generally denies each and every allegation of wrongdoing and denies any liability to Claimant for damages in any amount under any theory.

### I. Jurisdiction

1. The allegations included in paragraph 1 do not require a responsive pleading from the appearing party. If one is required, it is denied.

### II. Parties

2. The allegations included in paragraph 2 do not require a responsive pleading from the appearing party. If one is required, it is denied.

1

3. The allegations included in paragraph 3 do not require a responsive pleading from the appearing party. If one is required, it is denied.

4. The allegations included in paragraph 4 are admitted as generally correct.

5. The allegations included in paragraph 5 are admitted as generally correct. However, the allegations of tortious and other wrongful conduct by OFS are denied.

6. The allegations included in paragraph 6 do not require a responsive pleading from the appearing party. If one is required, they are denied.

7. The allegations included in paragraph 7 are admitted as generally correct. However, it is clarified that Mr. Pascual ceased his functions in OFS on July 31, 2013.

8. The allegations included in paragraph 8 do not require a responsive pleading from the appearing party. If one is required, they are denied.

9. The allegation included in paragraph 9 is denied.

## III. **Facts**

### a. **Santander recommended a high risk and unsuitable leveraged investment strategy**

10. The allegations included in paragraph 10 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

11. The allegations included in paragraph 11 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

12. The allegations included in paragraph 12 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

13. The allegations included in paragraph 13 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

14. The allegations included in paragraphs 14 through 22 do not require a responsive pleading from the appearing party. If one is required, they are denied.

### b. Oriental Financial recommended a high risk and unsuitable leveraged investment strategy

15. The allegations included in paragraph 23 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

16. The allegations included in paragraph 24 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

17. From the allegations included in paragraph 25, it is admitted that Claimant opened an account in OFS on February 2013. The rest of the allegations are denied for lack of

sufficient information and/or belief as to the veracity of the facts alleged.

18. The allegations included in paragraph 26 are denied. It is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all transactions were in accordance with the investment objectives and risk tolerance of Claimant.

19. The allegations included in paragraph 27 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged. However, it is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all transactions were in accordance with the investment objectives and risk tolerance of Claimant. In the New Account Form, Claimant specified that its risk exposure was "speculation".

20. The allegations included in paragraph 28 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged. However, it is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all transactions were in accordance with the investment objectives

4

and risk tolerance of Claimant. In the New Account Form, Claimant specified that its risk exposure was "speculation". Also, Claimant indicated in the New Account Form to have "low" liquidity needs, as well as an "investment time horizon" to the year 2043.

### c. Oriental Financial continued to implement an unsuitable and reckless leveraged investment strategy for Waldemar's consolidated investment account

21. From the allegations included in paragraph 29, it is admitted that Claimant transferred his Santander account to OFS on June 2013. The rest of the allegations are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

22. The allegations included in paragraph 30 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

23. The allegations included in paragraph 31 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

24. The allegations included in paragraph 32 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged. However, it is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all

transactions were in accordance with the investment objectives and risk tolerance of Claimant.

25. The allegations included in paragraph 33 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged. However, it is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all transactions were in accordance with the investment objectives and risk tolerance of Claimant.

26. The allegations included in paragraph 34 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged. However, it is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all transactions were in accordance with the investment objectives and risk tolerance of Claimant. As alleged by Claimant, any diminution in the value of Claimant's OFS account was caused in whole or in part by the general decline in the investment markets, the economy, and other events outside the control of OFS.

### d. Santander and Oriental Financial's reckless mismanagement caused Waldemar staggering losses

27. The allegations included in paragraph 35 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged. However, it is affirmatively alleged that all transactions related to Claimant's account were consulted and authorized by Claimant, and Claimant was always aware of all the risks involved with the transactions. Also, all transactions were in accordance with the investment objectives and risk tolerance of Claimant. Any diminution in the value of Claimant's OFS account was caused in whole or in part by the general decline in the investment markets, the economy, and other events outside the control of OFS.

28. From the allegations included in paragraph 36, it is clarified that Mr. Pascual's ceased his functions in OFS on July 31, 2013 due to the merger between OFS and OFS Securities, Inc. It is accepted that José Candelario replaced Mr. Pascual as Claimant's financial advisor in OFS. The rest of the allegations are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

29. The allegations included in paragraph 37 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

30. The allegations included in paragraph 38 are denied for lack of sufficient information and/or belief as to the veracity of the facts alleged.

31. The allegations included in paragraph 39 are denied.

32. The allegations included in paragraph 40 are denied.

**Count I – Breach of Fiduciary Duty – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Santander Securities)

33. The allegations included in paragraphs 41 through 45 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count II – Negligence – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Santander Securities)

34. The allegations included in paragraphs 46 through 49 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count III – Negligent Supervision – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Santander Securities)

35. The allegations included in paragraphs 50 through 53 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count IV – Fraud – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Santander Securities)

36.    The allegations included in paragraphs 54 through 58 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count V – Breach of Contract** (as to Santander Securities)

37.    The allegations included in paragraphs 59 through 62 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count VI – Breach of Contract – Third Party Beneficiary** (as to Santander Securities)

38.    The allegations included in paragraphs 63 through 66 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count VII – Violation of the Puerto Rico Uniform Securities Act** (as to Santander Securities)

39.    The allegations included in paragraphs 67 through 69 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count VIII – Violation of Sections 10(b) of the Securities Exchange Act, and Rule 10b – 5 of the Securities and Exchange Commission** (as to Santander Securities)

40.    The allegations included in paragraphs 70 through 73 do not require a responsive pleading from the appearing party. If one is required, they are denied.

**Count IX – Breach of Fiduciary Duty – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Oriental Financial)

41.  OFS re-alleges herein all of the preceding allegations of this response.

42.  From the allegations included in paragraph 75, it is affirmatively alleged that OFS complied with all its duties and responsibilities towards Claimant.

43.  The allegations included in paragraph 76 are denied.

44.  The allegations included in paragraph 77 are denied.

45.  The allegations included in paragraph 78 are denied.

**Count X – Negligence – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Oriental Financial)

46.  OFS re-alleges herein all of the preceding allegations of this response.

47.  From the allegations included in paragraph 80, it is affirmatively alleged that OFS complied with all its duties and responsibilities towards Claimant and provided Claimant the highest duty of care.

48.  The allegations included in paragraph 81 are denied.

49.  The allegations included in paragraph 82 are denied.

**Count XI – Negligent Supervision – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Oriental Financial)

50.  OFS re-alleges herein all of the preceding allegations of this response.

51. From the allegations included in paragraph 84, it is affirmatively alleged that OFS complied with all its duties and responsibilities towards Claimant.

52. The allegations included in paragraph 85 are denied.

53. The allegations included in paragraph 86 are denied.

**Count XII – Fraud – Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141** (as to Oriental Financial)

54. OFS re-alleges herein all of the preceding allegations of this response.

55. The allegations included in paragraph 88 are denied.

56. The allegations included in paragraph 89 are denied.

57. The allegations included in paragraph 90 are denied.

58. The allegations included in paragraph 91 are denied.

**Count XIII – Breach of Contract** (as to Oriental Financial)

59. OFS re-alleges herein all of the preceding allegations of this response.

60. The allegation included in paragraph 93 is admitted as generally correct.

61. The allegations included in paragraph 94 are denied.

62. The allegations included in paragraph 95 are denied.

**Count XIV – Breach of Contract – Third Party Beneficiary** (as to Oriental Financial)

63. OFS re-alleges herein all of the preceding allegations of this response.

64.  The allegations included in paragraph 97 are admitted as generally correct.

65.  The allegations included in paragraph 98 are denied.

66.  The allegations included in paragraph 99 are denied.

**Count XV - Violation of the Puerto Rico Uniform Securities Act** (as to Oriental Financial)

67.  OFS re-alleges herein all of the preceding allegations of this response.

68.  The allegations included in paragraph 101 are denied.

69.  The allegations included in paragraph 102 are denied.

**Count XVI - Violation of Sections 10(b) of the Securities Exchange Act, and Rule 10b - 5 of the Securities and Exchange Commission** (as to Oriental Financial)

70.  OFS re-alleges herein all of the preceding allegations of this response.

71.  The allegations included in paragraph 104 are denied.

72.  The allegations included in paragraph 105 are denied.

73.  The allegations included in paragraph 106 are denied.

## AFFIRMATIVE DEFENSES

1.  Claimant's allegations and Statement of Claim fail to present a valid claim against OFS under the applicable law.

2.  All, or some, of Claimant's allegations and claims are time barred under the applicable statute of limitations under

Puerto Rico law and under any other applicable law and regulations.

3. Claimant opened a brokerage account application ("New Account Form") delineating the investment profiles. Claimant and Mr. Waldemar Rivera acknowledged having "extensive" investment knowledge in fixed income securities, real estate and insurance. They also acknowledged that they had brokerage accounts in Santander Securities.

4. Claimant and Mr. Waldemar Rivera also authorized and ranked their tolerance for risk exposure for the investments in the account as "speculation". Also, Claimant's account investment objective was "income". The investments suggested offered proper return in line with Claimant's principal investment objective and risk exposure.

5. Claimant indicated in the New Account Form to have "low" liquidity needs, as well as an "investment time horizon" to the year 2043.

6. Claimant received account statements, trade confirmations, and other documents from OFS - all of which clearly set forth the activity in the account, and Claimant never complained nor objected to them.

7. The investments purchased by Claimant were compatible with the investment profile. Claimant and Mr. Waldemar Rivera

13

marked *Income* as the priority in the "account investment objectives" section of the New Account Form.

8.    Claimant and Mr. Waldemar Rivera are experienced investors, as they acknowledged that they had extensive investment knowledge in fixed income securities, real estate and insurance, and that they maintained brokerage accounts in other financial institutions.

9.    The account was non discretional.

10.    Claimant acknowledged, in the Margin Agreement, to "have read and understood the margin disclosure statement which details the risks associated with a margin account[…]"

11.    Claimant was always fully aware of the investments and the risks involved.

12.    Broker Enrique Pascual explained to Claimant every aspect of the proposed investments.

13.    Claimant leveraged its investment account while being aware of the risks associated with such investment strategy.

14.    Claimant and Mr. Waldemar Rivera seem to assert that they wanted riskless investments. Claimant should know that no such thing exists.   There is always going to be some type of risk.

15.    At all times in the handling of Claimant's account, OFS and its representatives dealt following the highest standards of fiduciary duty towards the Claimant.    The

14

representative, who was assigned to the account, at all times, met with Claimant and explained the risks and opportunities of the investment options and its financial goals. The broker also provided Claimant with the required disclosures of risks, prospectuses and financial statements of the investments.

16. The investments in which Claimant decided to invest its funds were considered, at the time of the investments, suitable to Claimant's investment objectives.

17. Puerto Rico law sets the standard for negligence claims. Those who by their acts or omissions cause another certain damages are generally liable for their conduct. Nonetheless, for gross negligence claims, such as the one at hand, the standard is a heightened one. OFS has in place a written supervisory manual.

18. In the context of a supervisor whose subordinate carried out the actions affecting a claimant's rights, "[t]at affirmative link must amount to "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference." Aponte Matos, 1335 F.3d at 192 (quoting Lipsett v. Univ. of PE, 8364 F.2d 881, 902 (1ˢᵗ Cir. 1998). See also, Torres Valle v. Toledo Dávila, 2010 WL 703407, 3 (DPR 2010).

19. This is a claim that is not only devoid of any evidence to support it, but also there is no private cause of

15

action under the stated local law for damages. OFS never incited Claimant to make any investment based on false pretentions.

20. OFS has in place written supervisory procedures. OFS has a supervisory and compliance system in place and there were no red flags.

21. The damages claimed by Claimant are either non-existent or not the result of any act or omission of OFS.

22. On the other hand, the compensatory damages sought by Claimant are not the consequence of the conduct or omissions of OFS and do not proceed under Puerto Rico law.

23. The reduction in value of the investments was the result of unforeseen market conditions that affected these investments which were considered at the time they were made as 'investment grade', in line with Claimant's principal investment objectives.

24. The principal reduction of the investments was one of the risks related to these investments which were fully disclosed to Claimant. Claimant reaped the benefits from the payment of interests and the tax benefits of these investments, which set off any alleged loss.

25. The Statement of Claim fails to state a claim upon which relief may be granted.

26. All of the transactions that Claimant made in the OFS account were approved by Claimant and were suitable for its

investment objectives and financial status, and were entirely consistent with the expressed financial goals.

27. Claimant had full, complete, accurate and contemporaneous knowledge concerning the investments at OFS and, therefore, is precluded and estopped from any claim.

28. Claimant and Mr. Waldemar Rivera have waived any objections they may have had to the subject transactions, their suitability or authorization, or any alleged losses therefrom and should be estopped from asserting any claims regarding them at this time.

29. Claimant ratified and approved the subject transactions.

30. Claimant is barred from any recovery because they authorized the transactions in the account and thereafter acquiesced in, and/or ratified the transactions in question. *See Thompson v. Smith Barney*, 709 F.2d 1413 (11th Cir. 1983).

31. Claimant is barred from any recovery because they controlled and directed the investment objectives, risk tolerance, and investment strategy.

32. At all material times, Claimant knew, understood, and accepted the risks associated with the transactions at issue. Claimant specifically assumed the risks of those transactions and ratified the transactions. In light of the knowing acceptance of the transactions and the assumption of the risks

associated with those transactions, Claimant waived, or is estopped from bringing, any claim for relief against Respondent.

33. Claimant's causes of action for negligence, breach of fiduciary duty and breach of contract—all of which have their genesis in the Civil Code—are not viable claims in this arbitration because all of the causes of action relate to the purchase and sale of securities and, therefore, the exclusive remedy available to Claimant is under the Puerto Rico Uniform Securities Act ("PRUSA").

34. No misrepresentations or omissions of a material fact have ever been made by OFS concerning the investment transactions at issue in this proceeding. Moreover, Claimant was thoroughly advised of all pertinent aspects of the investment transactions.

35. There was no intent by OFS to cause any harm to neither Claimant nor any reckless disregard of the financial consequences to Claimant in connection with any of the transactions at issue.

36. Claimant, by its own actions and inactions, is barred from recovery based on its own negligence, contributory negligence, or comparative negligence.

37. Claimant's claims are barred as a result of its failure to minimize or mitigate the alleged damages.

38. Claimant is not entitled to recovery against OFS in this action because OFS acted at all times in good faith and exercised reasonable diligence.

39. Claimant's losses were proximately caused by its own actions or inactions, decisions, conduct and/or negligence.

40. Any diminution in the value of Claimant's OFS account was caused in whole or in part by the general decline in the investment markets, the economy, and or other events outside the control of OFS. Therefore, Claimant is not entitled to any recovery from OFS.

41. Claimant's claims are barred by the applicable statutes of limitations, statutes of repose, and/or laches.

42. Claimant is not entitled to attorney's fees or punitive damages as they are not a relief afforded to Claimant under Puerto Rico law.

43. The agreement between the parties is clear and unambiguous and sets forth the rights and obligations of the parties and does not afford the relief requested by Claimant in this proceeding.

44. The damages claimed for breach of contract were not foreseeable by the parties at the time of execution of the contract.

45. The defense of *rebuc sic stantibus* applies as a defense to Claimant's claims in this proceeding.

46. Claimant's alleged damages are exaggerated and are not related to any act or omission incurred by OFS.

47. Claimant cannot seek the same relief under separate legal doctrines resulting in double compensation for the same alleged act or omission.

48. Claimant is not entitled to recovery against OFS in this arbitration because OFS acted at all times in good faith and exercised reasonable diligence, and did not incur in negligence.

49. The investments made by Claimant were suitable for the risk tolerance level at the time the account was at OFS.

50. The suitability of a transaction is judged at the time the recommendation was made.

51. The gradual price decline of Claimant's investments was an event known to Claimant and even with the decline, it still reaped the benefits of the continued interest payments made by the investment, and the monthly periodic distribution.

52. Claimant benefited from the monthly principal distribution, dividends/interests paid by these investments.

53. Claimant is not entitled to the payment of interests or to the payment of damages under Article 1802 of the Puerto Rico Civil Code.

54. Claimant is not entitled to attorney´s fees under Puerto Rico law.

**WHEREFORE**, for the reasons stated herein, OFS requests that

this Panel dismiss all claims filed by Claimant.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 30th day of July, 2014.

**DELGADO & FERNÁNDEZ, LLP**
PO BOX 11750
Fernández Juncos Station
San Juan, PR 00910-1750
Telephone (787)274-1414
Fax (787)764-8241

_____

**ALFREDO FERNÁNDEZ MARTÍNEZ**
USDC-PR #210511
afernandez@delgadofernandez.com

_____

**PEDRO HERNÁNDEZ FREIRE**
USDC-PR #231702
phernandez@delgadofernandez.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by email and regular mail on July 30th, 2014 to **Jeffrey Erez, Esq.**, Sonn & Erez, Southeast Financial Center, 200 South Biscayne Blvd., Suite 4330, Miami, FL 33131, and **Eliezer A. Aldarondo López, Esq.**, Aldarondo & López-Bras, ALB Plaza, Suite 400, 16 Las Cumbres Ave. (Road 199), Guaynabo, Puerto Rico 00969.

An Original and 3 copies were served by Federal Express on July 30th, 2014 to:

Lisa D. Lasher
Senior Case Administrator
FINRA Dispute Resolution
Boca Center Tower 1
5200 Town Center Circle
Suite 200
Boca Raton, FL 33486-1015

s/ Alfredo Fernández Martínez
   Alfredo Fernández-Martínez
   USDC-PR #210511

s/ Pedro Hernández Freire
   Pedro Hernández Freire
   USDC-PR # 231702